Entered on Docket January 22, 2020

**Below is the Order of the Court.**



_____
**Brian D. Lynch**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| In re:<br><br>JENNIFER LYNN MANN,<br><br>Debtor. | Case No. 19-41534-BDL<br><br>**ORDER GRANTING OBJECTION TO NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES & CHARGES** |

On October 24, 2019, Wilmington Savings Fund Society, FSB ("Wilmington") filed its Notice of Postpetition Mortgage Fees, Expenses, and Charges (the "Notice"). On October 25, 2019, the Debtor, Jennifer Lynn Mann, filed her Objection to Notice of Postpetition Mortgage Fees, Expenses & Charges (ECF No. 31) (the "Objection"). On December 10, 2019, Wilmington filed a Response to the Objection (ECF No. 32). On December 18, 2019, counsel for the Debtor and Wilmington appeared before the Court at a hearing on the Objection.

The Debtor objected to a $250 fee charged by Wilmington for attaching Official Form 410A to the Wilmington Proof of Claim No. 11. Form 410A lists the Mortgage and Case Information, Total Debt Calculation, Arrearage and Monthly Mortgage payment and the Loan Payment History. The Debtor did not object to the $300 fee for preparing the proof of claim or the $350 fee for reviewing the plan, which are typical of the types of fees, if not necessarily the amounts, in bankruptcy recoverable under the loan documents. In response to the Debtor's objection to the $250 fee associated with attaching Official Form 410A, Wilmington

ORDER GRANTING OBJECTION TO NOTICE OF POSTPETITION MORTGAGE FEES - 1

cited Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3001(f) stating that a proof claim and any supplements thereto "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. Pro. 3001(f). Bankruptcy Rule 3001(f), however, does not apply to notices filed pursuant to Bankruptcy Rule 3002.1(c). *See* Fed. R. Bankr. Pro. 3002.1(d). The Notice was filed pursuant to Bankruptcy Rule 3002.1(c). Therefore, the prima facie presumption of Bankruptcy Rule 3001(f) does not apply to the Notice.

Upon a motion challenging the fee, the Court, after notice and a hearing, must "determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code." Fed. R. Bankr. Pro. 3002.1(e). The burden of proof falls on whichever party would bear that burden outside of bankruptcy. *Raleigh v. Illinois Dep't of Revenue,* 530 U.S. 15 (2000). Because Wilmington is the claimant, the burden falls on Wilmington. Wilmington did not cite the Court to a provision in the loan documents which would allow for recovery of a fee for merely appending a document to a proof of claim, nor does it provide any factual underpinning how that charge fits the terms of the loan documents. Moreover, a charge for the proof of claim has already been included in the Notice. Wilmington has failed to meet its burden of proof regarding the Objection with respect to the $250 fee associated with attaching Official Form 410A.

Based on the foregoing, it is hereby

ORDERED that the Objection to Notice of Postpetition Mortgage Fees, Expenses & Charges (ECF No. 31) is granted.

///End of Order///

ORDER GRANTING OBJECTION TO NOTICE OF POSTPETITION MORTGAGE FEES - 2

Case 19-41534-BDL    Doc 36    Filed 01/22/20    Ent. 01/22/20 13:23:52    Pg. 2 of 2